UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1520-DMG (MAAx) | Date | May 11, 2022 |
|---|---|---|---|
| Title | *Aida Cuevas v. Ford Motor Company, et al.* | Page | 1 of 4 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kane Tien | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO REMAND [11]**

Before the Court is Plaintiff Aida Cuevas's Motion to Remand ("MTR"). [Doc. # 11.] The MTR is fully briefed. [*See* Doc. ## 15, 16-18.] Having duly considered the parties' arguments, the Court **DENIES** the MTR.

**I.
PROCEDURAL AND FACTUAL BACKGROUND**

Cuevas filed her Complaint in Los Angeles County Superior Court on December 9, 2021, asserting claims for violations of California's Song-Beverly Consumer Warranty Act against Defendant Ford Motor Company ("Ford"). *See* Notice of Removal ("NOR") ¶ 2 [Doc. # 1]; *see also* Compl. at 11 [Doc. # 1-1]. Cuevas's claims relate to her lease of a new 2020 Ford Explorer. Compl. ¶¶ 8-10. In her Complaint, Cuevas asserts she is entitled to "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities," as well as incidental, consequential, and general damages, attorney's fees and costs, and a civil penalty "up to two times the amount of actual damages." *See id.* at ¶¶ 27-30, 42, 52-56. Cuevas alleged that the amount demanded exceeded $25,000, but did not specify an amount. *See id.* at 12 (filed as unlimited civil case). Ford was served with the Complaint on December 10, 2021, NOR at ¶ 3, and filed its Answer in state court on January 7, 2022, *see* Answer [Doc. # 1-2].

On February 14, 2022, Ford received a copy of Cuevas's lease agreement. *See* Proudfoot Decl. ¶ 5 [Doc. # 3]. The lease agreement shows that the total lease price for Cuevas's vehicle is $27,708.95, with $18,928.37 already paid through January 2022. Deducting for a mileage offset amount of $1,103.04, Ford's counsel calculated actual damages of $26,605.91. *Id.* at ¶ 8. Because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the actual damages in civil penalties, Ford contends that Cuevas's potential damages are $79,817.73. NOR ¶ 34; *see also* Cal. Civ. Code §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1520-DMG (MAAx) | Date | May 11, 2022 |
| Title | *Aida Cuevas v. Ford Motor Company, et al.* | Page | 2 of 4 |

1793.2(d)(2)(B), 1794(c); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (treble damages, attorneys' fees, and punitive damages are properly considered in calculating amount in controversy if authorized by statute). On top of this sum, Ford also asserts that plaintiffs in similar cases "regularly request" more than $65,000 in attorneys' fees, which are also authorized by the Song-Beverly Act. NOR ¶ 33; *see also* Cal. Civ. Code § 1794(d).

On March 7, 2022, Ford removed the action to this Court, invoking diversity jurisdiction. NOR at 1. Ford's removal was beyond the 30-day timeline for removal prescribed by 28 U.S.C. section 1446(b)(1). Ford asserts, however, that the Complaint did not provide notice that the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met, because it did not allege a specific damages amount. *See* 28 U.S.C. § 1332(a). Ford maintains that it was not alerted to the fact that the amount in controversy exceeded $75,000 until it obtained the lease agreement for Cuevas's vehicle on February 14, 2022. NOR ¶ 5. Therefore, Ford contends that removal is proper under Section 1446(b)(3), which states that "if the case stated by the initial pleading is not removable," a defendant may remove "within thirty days after receipt by the defendant, through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one which is or has become removable." *See* NOR ¶¶ 4-6.

On April 6, 2022, Cuevas timely filed the instant MTR.

## II.
## LEGAL STANDARD

There are two 30-day periods for removing a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, defendants have 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin."). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1520-DMG (MAAx) | Date | May 11, 2022 |
| Title | *Aida Cuevas v. Ford Motor Company, et al.* | Page | 3 of 4 |

## III.
## DISCUSSION

Cuevas argues that the make, model, year, and VIN for her vehicle were included in the Complaint, and that Ford's "vast experience" with cases of this type should have made Ford aware that amount in controversy would total at least $75,000. She contends that Ford therefore should have filed its NOR within 30 days of service of her Complaint. In response, Ford emphasizes that Cuevas did not purchase her vehicle, she leased it. For this reason, Ford says, it was unable to determine the value of her lease until she provided Ford with her lease agreement.

Based on Ford's methodology for calculating the amount-in-controversy, Cuevas's actual damages would need to total only about $3,500 to meet the $75,000 threshold, accounting for civil penalties of twice that amount and $65,000 in attorney's fees. Still, Cuevas's Complaint contains no allegations regarding the value of her lease. When a defendant seeks to remove a case brought under the Song-Beverly Act, district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Thus, a lease situation differs from a purchase inasmuch as the actual amount paid on the lease and the mileage offset could vary widely depending on the terms of the lease, the time elapsed on the lease, and how much Plaintiff drove the car. While Cuevas alleges in her Complaint that she leased a new 2020 Ford Explorer, she does not allege the duration of her lease, the total value of the lease, or the amount she has actually paid. Although it is possible that Ford could have discovered the value of her lease without waiting for Cuevas to provide the lease agreement, it is not clear from the four corners of the Complaint that the amount in controversy is met. *See Harris*, 425 F.3d at 694 ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

Cuevas argues that, although she did not specify her damages in her Complaint, she did specify in her Civil Cover Sheet that her claim fell within the unlimited jurisdiction of the Superior Court. Cuevas asserts that, because the Civil Cover Sheet stated that her damages exceeded $25,000, and that she was entitled to penalties of up to two times her damages, it was clear from the four corners of her Complaint that the amount in controversy must be at least $75,000. But Cuevas's Civil Cover Sheet did not assert that her "damages" exceed $25,000: it stated only that the "amount demanded exceeds $25,000," and did not specify what this amount includes. *See* Compl. at 12. The Civil Cover Sheet therefore did not provide grounds for removal at the time of service. *Accord Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1001 (C.D. Cal. 2021) (finding plaintiff's allegation that she suffered at least $25,001 in damages did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1520-DMG (MAAx) | Date | May 11, 2022 |
| Title | *Aida Cuevas v. Ford Motor Company, et al.* | Page | 4 of 4 |

not make clear that the amount in controversy totaled $75,000 in a similar case brought under the Song-Beverly Act).

## IV.
## CONCLUSION

In light of the foregoing, Cuevas's MTR is **DENIED**. Cuevas's request for sanctions for Ford's purportedly untimely removal is also **DENIED**. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (holding fees should be awarded only in the absence of "an objectively reasonable basis for seeking removal"). The May 13, 2022 hearing and scheduling conference are **VACATED**. The Court will issue a Scheduling and Case Management Order based upon a review of the parties' Joint Rule 26(f) Report.

**IT IS SO ORDERED**.